# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Lafarge North America, Inc., f/k/a Lafarge Corporation, | ) ) |
| Plaintiff, | ) |
| vs. | ) No. 05-1110-CV-W-FJG |
| Discovery Group LLC, et al., | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

Pursuant to the stipulation of counsel, the Court enters this Protective Order, which shall govern the production and use of confidential documents and information in this case.

1. Each of the Parties or any third party from whom discovery is sought by subpoena for production in this case, may designate certain materials, testimony, documents and other things that are produced by it in discovery in this action as confidential, to the extent that the Producing Party[1] believes in good faith that such documents and other things produced contain confidential or proprietary information. ("Confidential Information" as used herein shall refer to all materials, documents, and things that contain confidential information as well as to the confidential information itself.) A Producing Party may make any Confidential Information subject to the terms of this Protective Order by stamping or otherwise designating such Information as "Confidential." Any Confidential Information that cannot be physically marked shall be produced in an envelope or other container marked in the same manner and shall be

---

[1] "Producing Party" refers to any Party to this case who produces documents in response to any discovery request or any third party who produces documents in compliance with a subpoena served on it in the course of this case.

accompanied by a document indicating that the material so produced contains confidential information.

2. A Producing Party may designate as confidential only such information as it normally treats and maintains as confidential or proprietary information, whether personally or in the ordinary course of its business. Any material produced that is designated confidential shall be subject to the provisions of this Protective Order.

3. Any confidential designation shall apply not only to the original document or thing, but also to all copies, excerpts, abstracts, analyses, and summaries thereof.

4. Materials designated confidential and information taken therefrom shall be disclosed or used only in accordance with the terms of this Protective Order and only to the extent necessary for this lawsuit and any appeals thereof, and for no other purposes.

5. To the extent that any trial testimony, transcripts of depositions, exhibits, answers to interrogatories, briefs, or other documents to be filed with the Court include or incorporate any Confidential Information, or information derived from Confidential Information, such papers shall be filed in a sealed envelope bearing the caption of this case and the name of the party filing such papers, and the envelope shall contain the following statement: "This envelope [or sealed container] contains documents that are confidential and subject to a Protective Order and is not to be opened except pursuant to order of the United States District Court for the Western District of Missouri." All copies thereof shall be treated by all parties as confidential as provided in this Protective Order. At the conclusion of this case and any appeals thereof, any party who has filed any Confidential Information with the Court shall, to the extent permitted by the Court, retrieve all copies of such Confidential Information.

6. (a) If a Producing Party inadvertently produces any Confidential Information without designating it as confidential in accordance with the provisions of

this Protective Order, the Producing Party shall give written notice to all Parties to whom such Confidential Information has been produced (hereafter "Receiving Parties") that the document or thing produced contains Confidential Information and should be treated as such in accordance with the provisions of this Protective Order.  All Receiving Parties must treat such documents and things as confidential from the date such notice is received.  Good faith disclosure to persons not authorized to receive Confidential Information under this Protective Order prior to the receipt of such notice of such confidential designation shall not be a violation of this Protective Order, however, all Receiving Parties making such disclosure shall take reasonable action to withdraw and/or collect the Confidential Information shared.

(b) In the case of deposition transcripts, a party producing documents as exhibits or providing testimony in the deposition may designate such exhibits or testimony as confidential during the deposition or may advise counsel for the Parties of the exhibits or the transcript or pages thereof to be treated as confidential within thirty (30) days after the receipt of the transcript of the deposition.  During the thirty (30) day period, all exhibits and transcripts shall be treated as confidential, unless written agreement allowing disclosure is received from the counsel for the deponent who provided the testimony or exhibits at issue before expiration of the 30 day period.

7. Confidential Information may be disclosed only to:

(a) counsel for the Parties (including their clerical and professional staffs) who are involved in this case;

(b) principals, officers, employees, and former employees of the Parties solely for the purpose of assisting in this case;

(c) outside experts or consultants, their principals, employees and agents (and their secretarial and clerical staffs) employed or retained by the Parties or their counsel solely to assist them in this case;

3

(d) deposition or trial witnesses and their counsel;

(e) off-site duplicating and photocopying contractors and/or computerized litigation support system contractors employed solely for this case;

(f) court reporters and videographers engaged in connection with deposition recording in this case; and

(g) any other person agreed to in writing by the Parties or allowed by the Court.

Any Party disclosing Confidential Information to any of the foregoing (except the Court and its personnel) shall inform such person that the information is confidential and is subject to this Protective Order, which prevents disclosure or use of the Confidential Information other than in and for the purpose of this case, and shall give such person a copy of this Order.

8. The Parties shall not voluntarily produce to any person or entity, excluding any law enforcement or regulatory agency, or any employee thereof, any Confidential Information, unless commanded to do so by valid process of law. If any Party is requested to produce any Confidential Information produced herein by a Producing Party, by legal process or otherwise, the Party so requested shall notify the Producing Party of such request within a reasonable time to enable the Producing Party to take any actions it believes are necessary or appropriate to prevent production of the requested Information, which shall be at the sole option and shall be the sole responsibility of the Producing Party. Nothing herein shall preclude any other person or entity from taking any action it believes necessary or appropriate to contest production of any Confidential Information so requested.

9. All persons to whom Confidential Information is made available shall treat it as confidential and shall not disclose such Information nor permit its disclosure except as allowed by this Protective Order, and shall use the Confidential Information solely in

connection with this case, and any appeal thereof, and not for any other purpose. Persons who have knowledge of the Confidential Information solely by virtue of their participation in this case shall exercise all reasonable care not to disclose such Information, except as permitted by this Protective Order. Nothing contained in this Protective Order shall affect the admissibility or right of any Party to object to the admissibility of Confidential Information at any trial or in filings in this case.

10. Nothing contained in this Stipulation and Order, nor any action taken in compliance with it, shall (i) operate as an admission or assertion by any Party or Producing Party that any particular document or information is, or is not, confidential; or (ii) prejudice in any way the right of any Party or a Producing Party to seek a determination by the Court of whether or not a particular document or information should or may be disclosed or, if disclosed, whether or not it should remain Confidential Information and subject to the terms of this Protective Order. Any Party may request that the Court modify or otherwise grant relief from any provision of this Stipulation and Protective Order. Nothing in this Stipulation and Order shall operate as an admission or assertion by any Party that any particular document is, or is not, admissible in evidence.

11. To facilitate and expedite the production of documents, the inadvertent disclosure by a Producing Party of Confidential Information or documents that are attorney-client privileged or work product shall not constitute a specific or general or subject matter waiver of the attorney-client privilege, the work product doctrine, or any other privilege or immunity with respect to such Information or document, or with respect to any other document or thing related thereto. In the event that a document or information that a Producing Party claims to be privileged or immune from discovery has been produced, the Producing Party may thereafter notify all Receiving Parties that it asserts a claim of privilege, immunity, or other basis for confidentiality as to the document or thing, and request its return. In such event, (i) if no Receiving Party

5

opposes such claim of privilege or immunity in writing to the Producing Party within 14 days of receiving notice from a Producing Party, all copies of such document or thing shall be returned promptly to the Producing Party, although all Receiving Parties retain all rights, if any, thereafter to challenge the assertion of privilege, immunity, or other basis for confidentiality and seek an order from the Court requiring disclosure thereof, and (ii) if any Receiving Party does challenge such claim of privilege, immunity, or other confidentiality as set out herein, it may retain the document or thing pending a ruling by the Court on the issue of confidentiality raised by motion of the Producing Party, provided that such retention shall be without prejudice to the claim of confidentiality, and pending such ruling such document or thing shall not be used in discovery proceedings, disclosed to any person or entity, filed with the Court, or used in any hearing, without leave of this Court; if the Court rules the document or thing is confidential, it and all copies shall then promptly be returned to the Producing Party.

12. Nothing in this Stipulation and Order shall be construed as a waiver of any rights with respect to matters not specifically provided for herein.

13. Except as any Producing Party may agree in writing, within sixty days after the conclusion of this case, including all appeals, counsel for the Receiving Parties shall recover all materials designated as Confidential and all copies thereof (except to the extent that such materials and copies thereof include or reflect the work product of a Receiving Parties or its counsel) and shall return them to counsel for the Producing Party. Alternatively, counsel for the Receiving Parties shall certify in writing that such material has been destroyed. Outside counsel for all Receiving Parties may retain a complete set of documents admitted into evidence or filed with the Court.

14. In the event any Party, Producing Party, or Receiving Party brings a motion to enforce the terms of this Stipulation and Protective Order, the non-prevailing party shall bear the reasonable attorneys' fees of the prevailing party with respect to

bringing or defending such motion if the Court finds that the non-prevailing party either brought the motion in bad faith or violated the Order in bad faith.

15. The terms of this Order shall survive the entry of final judgment of dismissal of this action.

<u>/s/Fernando J. Gaitan, Jr.</u>
Fernando J. Gaitan, Jr.

Dated: July 11, 2006
Kansas City, Missouri