# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LAFARGE NORTH AMERICA, INC., f/k/a LAFARGE CORPORATION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 05-1110-CV-W-FJG |
| DISCOVERY GROUP LLC, et al., ) ) | |
| Defendants. ) | |

## ORDER

Pending before the Court are (1) Motion to Dismiss of Defendant Discovery Group LLC, Explorer Investments 1 L.L.C., Steven J. Tharpe, and Douglas E. Pope (Doc. No. 38); (2) Third-Party Defendants', Chapel Development, L.L.C., Michael Atcheson and Larry Haas, Motion to Dismiss Third-Party Plaintiff's Complaint for Failure to State a Claim (Doc. No. 58); (3) Third-Party Defendants Cohen-Esrey Real Estate Services, Inc.'s and Jerry Campbell's Motion for Summary Judgment (Doc. No. 61); and (4) Third-Party Plaintiffs' Alternative Rule 56(f) Motion (Doc. No. 74). Each motion will be considered below.

**I.** **Motion to Dismiss of Defendants Discovery Group LLC, Explorer Investments 1 L.L.C., Steven J. Tharpe, and Douglas E. Pope (Doc. No. 38)**

Defendants move to dismiss all of the various claims in plaintiff's complaint. The Court, in ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, will not consider any matters outside the pleading. Fed.R. Civ. P. 12(b)(6). To clarify, matters excluded as outside the pleading include "'any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings....' [Therefore,] a 12(b)(6) motion will succeed or fail based upon the allegations contained in the face of the complaint." Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992) (quoting and agreeing with Wright & Miller,

Federal Practice and Procedure § 1366).

"A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Mo. v. Mo. Family Health Council, 107 F.3d 682, 684 (8th Cir. 1997) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Leiberkneckt v. Bridgestone/Firestone, Inc., 980 F. Supp. 300, 304 (N.D. Iowa 1997) (quoting Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)) (alteration in original).

Viewing plaintiff's factual allegations as true and finding no insuperable bar to relief on the face on plaintiff's Complaint, grant of defendants' motion is not warranted. Instead, the Court finds that the arguments made by defendants would more appropriately be raised in a motion for summary judgment, where the record could be fully before the Court. Therefore, Defendants' Motion to Dismiss (Doc. No. 38) is **DENIED**.

**II.     Third-Party Defendants', Chapel Development, L.L.C., Michael Atcheson and Larry Haas, Motion to Dismiss Third-Party Plaintiff's Complaint for Failure to State a Claim (Doc. No. 58)**

Here, third-party defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). In the process, however, third-party defendants have attached material outside the pleadings in this case to their motion to dismiss. As detailed above, the Court will not consider matters outside the pleadings in ruling on a motion to dismiss pursuant to Rule 12(b)(6). Further, this Court declines third-party defendants' invitation in their reply briefing to convert the pending motion to one for summary judgment. Instead, the Court finds that

2

the matters presented in the motion to dismiss would be better considered after an opportunity for discovery. Therefore, third-party defendants' motion to dismiss (Doc. No. 58) is **DENIED.**

III. **Third-Party Defendants Cohen-Esrey Real Estate Services, Inc.'s and Jerry Campbell's Motion for Summary Judgment (Doc. No. 61) and Third-Party Plaintiffs' Alternative Rule 56(f) Motion (Doc. No. 74)**

Third-party defendants Cohen-Esrey Real Estate Services Inc. ("Cohen-Esrey") and Jerry Campbell ("Campbell") move for summary judgment on third-party plaintiffs' claim against them for misrepresentation. Third-party plaintiffs respond that, among other things, this case is at an early stage that the parties have not completed discovery as to numerous issues (see Third-Party Plaintiffs' Alternative Rule 56(f) Motion, Doc. No. 74). The Court agrees that it is premature to consider the issues raised in third-party defendants' motion for summary judgment (Doc. No. 61), and therefore, said motion will be **PROVISIONALLY DENIED**, subject to reinstatement at the close of discovery. Third-party plaintiffs' Rule 56(f) motion will be **DENIED AS MOOT.**

**IT IS SO ORDERED.**

      /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: December 19, 2006
Kansas City, Missouri