**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| Lafarge North America, Inc., f/k/a )<br>Lafarge Corporation, )<br>    Plaintiff, )<br> )<br>vs. )<br>Discovery Group LLC, et al., )<br>    Defendants/third-party plaintiffs, )<br>vs. )<br>Chapel Development, L.L.C., et al., )<br>    Third-party defendants. ) | No. 05-1110-CV-W-FJG |

## ORDER

Plaintiff requested a teleconference with the Court in its August 23, 2007 letter in order to resolve a discovery dispute in relation to plaintiff's document request to defendants. One of plaintiff's document requests to defendants requested "all documents sent to or received from any bank, lender, or other financial institution in regard to the purchase of the property upon which the Lafarge office building was built." Plaintiff asserts that documents already produced have revealed that defendants were apprised of the tax district at issue. Plaintiff also states it knows that the lender's preliminary title report showed the tax district of which defendants now deny knowledge. Thus, since this lawsuit centers upon the defendants' selection of this particular piece of property and involves in part what defendants knew and failed to disclose to plaintiff about the property, plaintiff argues that documents reflecting communications between the defendants and the lender would reflect additional correspondence, affidavits, title reports, and more knowledge about this tax district.

Additionally, plaintiff states it had sent defendants a "golden rule letter" and defendants responded that they would produce some limited additional documents.

Plaintiff stated it contacted defendants to confirm when the partial response would be received, but plaintiff states it received no response and that responsive documents remain outstanding.

Lastly, plaintiff seeks financial statements sent to the bank, which is relevant to the issue of defendants' worth. Plaintiff knows these financial statements exist because of other documents produced in this case demonstrating their existence, but that these financial statements have not been produced. Plaintiff argues it is relevant to know the defendants' worth because plaintiff seeks punitive damages.

Defendants respond that even though they objected to the relevance of plaintiff's request, they produced documents in response to plaintiff's request and plaintiff even used these documents in deposing Discovery Group's corporate representative. Defendants state they do not possess any further additional documents sent to or received from any bank in regard to the purchase of the property relevant to defendants' knowledge of whether the property was located within the tax district.

In regards to the financial statements, defendants stand by their relevancy objection. Defendants state that the personal financial statements of Glenn Guenther, Douglas Pope, and Steven Tharpe are not relevant to defendants' knowledge of the tax district. Defendants further note that past financial statements are irrelevant to issues regarding punitive damages. "Past earnings and worth cannot reasonably lead to relevant information on the issue of punitive damages." See Hughes v. Groves, 47 F.R.D 52, 55 (W.D. Mo. 1969).

The Court agrees with plaintiff that financial statements sent to the bank are relevant to the issue of defendants' worth since punitive damages are requested in this case. The

Court notes that only the financial statements of the defendants in this case are relevant to plaintiff's punitive damages; thus only defendants' financial statements should be produced to plaintiff unless plaintiff can demonstrate another basis for production. Therefore, defendants are to produce the financial statements of defendants to plaintiff on or before **Tuesday, September 4, 2007**.

The Court further finds that it cannot compel defendants to produce additional documents sent to or received from any bank, lender, or other financial institution in regard to the purchase of the property upon which the Lafarge office building was built. Defendants contend they have produced all relevant documents to this inquiry. Plaintiff has failed to provide sufficient evidence to support the allegation that there are relevant documents defendant has not produced. Thus, unless plaintiff can specify which relevant documents remain outstanding, plaintiff's request for further documents pursuant to its document discovery request is **DENIED**. Since the Court's Order resolves the discovery disputes raised by plaintiff in its August 23, 2007 letter, plaintiff's request for a teleconference is **DENIED AS MOOT**.

**IT IS SO ORDERED**

Date: 8/29/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge