**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| Lafarge North America, Inc., f/k/a Lafarge Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 05-1110-CV-W-FJG |
| Discovery Group LLC, et al., | ) ) |
| Defendants/third-party plaintiffs, | ) ) |
| vs. | ) |
| Chapel Development, L.L.C., et al., | ) ) |
| Third-party defendants. | ) |

## ORDER

Plaintiff sent a discovery dispute letter to the Court on August 29, 2007 requesting the Court to direct defendants to produce a properly-prepared Rule 30(b)(6) designee and to reimburse counsel for the time, transcript costs, and travel expenses. Plaintiff's primary argument is that the corporate representative defendants produced was not knowledgeable or prepared on the sixteen topics designated in the deposition notice (Docs. No. 133-134). Plaintiff states that defendants designated a non-employee, David Herdlick, who is an accountant from Rubin Brown LLP, defendants' accounting firm. Plaintiff states defendants made 302 objections at the deposition. Plaintiff proceeded to provide the Court with various examples where Herdlick failed to demonstrate any knowledge of the deposition topics.

Defendants respond that they designated an accountant from their accounting firm because they believed an accountant could best explain financial inquiries and bookkeeping methods. Defendants argue plaintiff only listed general topics on its

deposition notice and did not specify its notice with reasonable particularity. Defendants note that plaintiff's counsel veered from the noticed topics so defendants had to make many objections. Defendants request the opportunity to more fully brief these issues should the Court have any remaining questions.

Because discovery closed in this matter on September 4, 2007, the Court is unable to grant plaintiff's request to direct defendants to produce another 30(b)(6) representative for a deposition. Paragraph 1c of the Court's Scheduling Order (Doc. No. 106) states that "**Any discovery motion must be filed before the close of discovery, and in sufficient time for the Court to rule on the motion.** The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. Any discovery motion filed without complying with Local Rule 37.1 will be denied." Although plaintiff raised the deposition issue with the Court prior to the close of discovery, the issue was not raised in sufficient time for the Court to rule on the motion. The Court understands the deposition was conducted on August 23, 2007 and so plaintiff could not have raised the issue much earlier than it did. However, the 30(b)(6) deposition in this case was conducted just twelve days before the close of discovery. If a deposition is conducted near the close of discovery deadline, then the parties are at their own peril should a discovery dispute issue arise relating to the taking of the deposition. Further, because of plaintiff's failure to act timely in conducting its deposition, it necessitates an extension of the existing discovery deadlines as well as the potential delay of trial. Had plaintiff acted timely, such problems could have been avoided.

Accordingly, unless plaintiff can demonstrate good cause as to why the deposition was conducted so late, the Court hereby **PROVISIONALLY DENIES** plaintiff's request for

2

Case 4:05-cv-01110-FJG   Document 159   Filed 09/06/07   Page 2 of 3

defendants to produce another 30(b)(6) designee and to reimburse plaintiff for deposition costs. The Court further orders plaintiff to show cause in writing why the 30(b)(6) deposition was taken just twelve days before the close of discovery instead of conducting the deposition earlier in sufficient time to resolve any potential discovery dispute issues. Plaintiff is ordered to provide a response to the Court by **Wednesday, September 12, 2007**.

**IT IS SO ORDERED**


Date:   9/6/07                                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                   Fernando J. Gaitan, Jr.
                                                      Chief United States District Judge