# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Lafarge North America, Inc., f/k/a Lafarge Corporation, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>Discovery Group LLC, et al., )<br>)<br>Defendants/third-party plaintiffs, )<br>)<br>vs. )<br>Chapel Development, L.L.C., et al., )<br>)<br>Third-party defendants. ) | No. 05-1110-CV-W-FJG |

## ORDER

In its September 6, 2007 Order (Doc. No. 159), the Court provisionally denied plaintiff's request to conduct another 30(b)(6) deposition and had plaintiff show cause as to why the deposition in this case was conducted on August 23, 2007 so near the close of discovery on September 4, 2007.

Plaintiff responded to the Court's Order and explained that the reason plaintiff did not conduct the deposition sooner was because of scheduling conflicts. Plaintiff states that it originally filed the 30(b)(6) deposition notice on July 16, 2007 noticing the deposition for July 25, 2007, which was six weeks before the close of discovery, but defendants replied with alternative dates of August 21, 23, and 25. Plaintiff states that August 23 was the date that worked best for everyone's schedules. Plaintiff further states that the deposition was to serve as a "clean up" deposition on some remaining alter ego issues and it had no idea that defendants would produce a witness with no actual knowledge of the topics outlined

in the deposition.

Plaintiff also noted that allowing plaintiff to conduct the deposition will not delay trial and plaintiff only requests that discovery be opened for the narrow issue of conducting this deposition. Plaintiff states that it is willing to accept whatever prejudice may come its way by virtue of taking this deposition near the time that dispositive motions are due, which are due on October 4, 2007. Plaintiff requests that the Court allow it conduct another 30(b)(6) deposition after the close of discovery and that defendants pay for all costs.

Defendants respond that it is incorrect that defendants controlled the August 23, 2007 deposition date. Defendants state that it was plaintiff who asked defendants for deposition dates after August 20, 2007 because plaintiff waited until July 16, 2007 to serve its Third Request for Documents to Defendants and plaintiff wanted responsive documents before the depositions. Defendants also note that plaintiff deposed defendants Douglas Pope and Steven Tharpe, both of whom are members of Discovery Group and act as representatives of members of Explorer Investments, and that plaintiff could have asked these witnesses about alter ego issues at that time. However, defendants state that plaintiff did not indicate it had additional questions regarding alter ego issues until July 16, 2007. Defendants maintain that allowing plaintiff to re-depose defendants' corporate designee would require this Court to modify its scheduling order for a third time and it would prevent defendants from providing the Court with dispositive motions that will usefully assist the Court in narrowing the claims and issues in this case.

Plaintiff replies that it complied with the Court's order in showing good cause why the deposition was scheduled twelve days before the close of discovery. Plaintiff points out that the timing of the deposition does nothing to remove defendants' responsibility for

creating the situation in the first place by producing a witness without proper knowledge. Plaintiff also notes that defendants also took a deposition near the close of discovery, one week after August 23, 2007.

Accordingly, for good cause shown, plaintiffs request for defendants to produce a properly-prepared Rule 30(b)(6) designee is **GRANTED**. The Court hereby orders that discovery be opened for the **sole purpose** of conducting a second 30(b)(6) deposition of defendants' corporate representative and that no other discovery is to take place. The Court further orders that the deposition take place no later than **Friday, November 2, 2007.** The Court strongly cautions that it will not entertain any further extensions of the discovery deadlines set out in the Court's Scheduling Order (Doc. No. 106). Since the taking of a second deposition will prevent the parties from meeting the October 4, 2007 summary judgment deadline, the parties are hereby required to submit a joint amended proposed Scheduling Order by **Tuesday, October 9, 2007**. The Court further finds that plaintiff's request for defendants to reimburse counsel for the time, transcript costs, and travel expenses is **DENIED**.

**IT IS SO ORDERED**.


Date: 10/2/07          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri          Fernando J. Gaitan, Jr.
                               Chief United States District Judge