**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| Lafarge North America, Inc., f/k/a Lafarge Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 05-1110-CV-W-FJG |
| Discovery Group LLC, et al., | ) ) |
| Defendants/third-party plaintiffs, | ) ) |
| vs. | ) |
| Chapel Development, L.L.C., et al., | ) ) |
| Third-party defendants. | ) |

# ORDER

Pending before the Court are Plaintiff's Motions in Limine (Doc. Nos. 272, 274, 280, and 282).

## I. BACKGROUND

This action involves a real estate deal where plaintiff sought the assistance of Discovery Group to locate an appropriate site for the relocation of plaintiff's Kansas City, Missouri office. Plaintiff ended up selecting the "Chapel Ridge" site in Lee's Summit, Missouri, in 1999. Plaintiff was not informed of the potential formation of the Strother District, which was approved in 2000. In 2001, representatives of the Strother District contacted plaintiff seeking collection of sales tax surcharges. Plaintiff believed that it was not obligated to collect sales taxes from the Chapel Ridge site, but sought clarification from the Missouri Department of Revenue ("DOR"). In 2002, the DOR issued a letter ruling and found that plaintiff must report its sales taxes from the Chapel Ridge site, and plaintiff ended up owing $271,516.82 in sales taxes and eventually settled for $120,000.

In November 2005, plaintiff commenced this lawsuit. Plaintiff makes the following

claims (See Second Amended Complaint, Doc. No. 229): Count I–breach of contract against defendant Discovery Group; Count II–Negligence against all defendants; Count III–Fraudulent Misrepresentation against all defendants; Count IV–Negligent Misrepresentation as to all defendants; Count V–Rescission against defendant Explorer Investments; Count VI–Breach of Fiduciary Duty as to all defendants.

## II. PLAINTIFF'S MOTIONS IN LIMINE

A. Plaintiff's Motion in limine to Exclude Reference to "Taj Mahal" or Similar Descriptive Terms (Doc. No. 272)

Plaintiff seeks an order excluding any and all testimony referring to the "Taj Mahal" or similar descriptive terms, as such reference is not relevant to any issue in this case and is highly prejudicial because of its potential to confuse the jury. Certain witnesses testified in deposition that Mr. Diakiw, plaintiff's employee that negotiated the lease of the Lafarge building that is the subject of this lawsuit, was terminated because "he negotiated and executed this high dollar lease in a facility that was the Taj Mahal compared to what they came out of, when all they needed was some additional space." Doc. No. 273, Ex. A, 143:15-24. Plaintiff states that reference to the Taj Mahal is an attempt to exaggerate the size and majesty of the building, and is not relevant to any issue in this case (FRE 402). Plaintiff also indicates that reference to the Taj Mahal has a high potential to confuse the jury, who may be led to believe that the quality, size, and majesty of the building has some bearing on this lawsuit (FRE 403).

Defendants respond that "whether decision-makers for [plaintiff] viewed the [Lafarge building] as extravagant is directly relevant [to] Lafarge's contractual goals and objectives, causation, and damages."

**Ruling: OVERRULED.**

B. Plaintiff's Motion in Limine to Exclude Testimony Regarding Mr. Diakiw's Termination (Doc. No. 274)

Plaintiff seeks an order to exclude any and all testimony regarding Robert Diakiw's termination of employment from Lafarge. Plaintiff indicates that defendants have made it clear that they intend to inject into this case the issue of Mr. Diakiw's termination, "an effort this Court has once before addressed and rejected." Further, plaintiff states that the evidence regarding Diakiw's termination is not relevant (402) and is highly prejudicial by its potential to confuse the jury (403). Plaintiff also indicates that the evidence is hearsay and should be precluded by FRE 701.

2

Defendants respond that the issues raised herein are part and parcel of the issue raised by plaintiff's motion to exclude references to the "Taj Mahal." Defendants note that Diakiw was the Lafarge decision-maker who entered into the agreements at issue in this case and chose the nature and location of the Lafarge building. Defendants assert that the decision he made had a direct impact on the financial performance of the division for which he was responsible, and he was subsequently terminated for failure to meet performance objectives. Defendants further indicate that (1) the statements of Dawson and Atcheson set up a classic credibility dispute between what Dawson claims and what Atcheson claims; and (2) a jury may infer from Mr. Diakiw's termination that Lafarge changed its mind about the decisions Diakiw made on its behalf.

**Ruling: <u>OVERRULED.</u>**

C. Plaintiff's Motion in Limine to Exclude Reference to Lafarge's Ultimate Parent Company (Doc. No. 280)

Lafarge seeks an order excluding any and all reference to Lafarge's ultimate parent company, Lafarge S.A., located in Paris, France. Plaintiff states that such reference is irrelevant to this lawsuit because Plaintiff Lafarge is a Maryland (not French) corporation, and any reference to the parent company in France has "no use other than to inflame the patriotism of jurors and unduly prejudice Lafarge." Doc. No. 280.

Defendant opposes, indicating that "the sophistication of and resources available to Plaintiff Lafarge North America Inc., f/k/a Lafarge Corporation ("Lafarge") are directly relevant to the relative care and responsibility that should be attributed to Lafarge in its contractual dealings and its alleged reliance on the representations of consultants that it hires." Defendants note that it is relevant that plaintiff and its parent company are a large multinational corporation that does business all over the globe, and that information informs the reasonableness of Lafarge's reliance on real estate and development professionals to provide it industry-specific tax advice. Defendant states that it will not unduly emphasize the country of origin of plaintiff's parent.

**Ruling: <u>OVERRULED, EXCEPT DEFENDANTS MAY ONLY REFER TO THE FACT THAT PLAINTIFF IS A PART OF A MULTINATIONAL CORPORATION.</u>**

D. Plaintiff's Motion in Limine to Exclude Testimony that Lafarge Hired Defendants' Non-Party Competitors to Perform Services for Lafarge (Doc. No. 282)

Plaintiff moves for an order in limine excluding testimony that Lafarge hired defendants' non-party competitors to perform services for Lafarge. Specifically, plaintiff indicates that the court should exclude all testimony that plaintiff hired Development Advisors Inc. ("DAI"), or any other company (other than defendants) to perform incentive work on Lafarge's behalf. Plaintiff states that such testimony is contrary to the

3

overwhelming evidence and consequently will be highly prejudicial because of its potential to confuse the jury.  (FRE 403).

Defendant responds that "Whether Lafarge hired another company to research the availability of incentives goes to the core of materiality and Lafarge's reasonable reliance on whatever statements Lafarge alleges cause it to believe Defendants were accepting principal responsibility for locating and obtaining incentives."  Defendants state they will testify they understood that Lafarge had hired a third-party company (DAI) to be principally responsible for locating and obtaining incentives.  Plaintiff's witnesses will testify that DAI did research possible relocation incentives for Lafarge at the suggestion of Mr. Dawson.  Defendants state that whether plaintiff paid DAI for this work does not make the testimony about DAI irrelevant.  Defendants indicate that DAI's role is, instead, a disputed fact that hinges on witness credibility, which the jury should resolve.

**Ruling: <u>OVERRULED.</u>**


**IT IS SO ORDERED.**

Dated:__05/25/10___.  /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri.  Fernando J. Gaitan, Jr.
Chief United States District Judge