**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| Lafarge North America, Inc., f/k/a Lafarge Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) | No. 05-1110-CV-W-FJG |
| Discovery Group LLC, et al., | ) ) | |
| Defendants/third-party plaintiffs, | ) ) | |
| vs. | ) | |
| Chapel Development, L.L.C., et al., | ) ) | |
| Third-party defendants. | ) | |

**ORDER**

Pending before the Court are (1) Defendants' Motion for Summary Judgment on Plaintiff's Amended Complaint (Doc. No. 406); (2) Third-Party Defendant Chapel Development, L.L.C.'s Motion for Summary Judgment on Counts I, II, III and V of Third-Party Complaint (Doc. No. 402); and (3) Plaintiff's Motion for Leave to File Surreply (Doc. No. 424).

As an initial matter, plaintiff's motion for leave to file surreply (Doc. No. 424) will be **DENIED**, as the Court already has enough information before it in order to make a decision on defendants' motion for summary judgment. The Court will now turn to the merits of the various motions for summary judgment.

**I.     DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 406)**

Defendants Discovery Group LLC ("Discovery Group"), Explorer Investments 1, L.L.C. ("Explorer"), Steven J. Tharpe, and Douglas E. Pope move for summary judgment with respect to all of plaintiff's claims. Defendants argue that (1) plaintiff cannot establish cause in fact because plaintiff would have chosen the same location had it known about the Strother District, thereby precluding all of plaintiff's claims; (2) the corporate veil shields

the individual defendants Tharpe and Pope from liability; (3) plaintiff's breach of fiduciary duty claim fails because plaintiff concedes that sales tax rates have no effect on the value of its property; and (4) plaintiff's failure to act promptly precludes rescission. Upon review of the motion, the suggestions in support, plaintiff's suggestions in opposition, and defendants' reply suggestions, however, the Court finds that questions of material fact remain as to (1) whether Lafarge would have chosen a different location for its divisional headquarters if defendants had told Lafarge about the Strother District; (2) whether Pope and Tharpe are liable for their own action/inaction in this matter (as opposed to being held liable for corporate misdeeds); (3) whether the Strother District had a negative effect on the value of the property[1]; and (4) whether Lafarge timely sought rescission, given that it first sought to rescind the lease in October 2001.

Accordingly, defendants' motion for summary judgment (Doc. No. 406) will be **DENIED.**

## II.   THIRD-PARTY DEFENDANT CHAPEL DEVELOPMENT, L.L.C.'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 402)

Third-Party defendant Chapel Development, L.L.C. moves for summary judgment on Counts I, II, III and V of Discovery Group LLC and Explorer Investments 1 LLC's Third-Party Complaint. Count I is a claim for Breach of Contract; Count II is a claim for Fraudulent Misrepresentation; Count III is a claim for Negligent Misrepresentation; and Count V is a claim for Indemnity. Third-party defendant argues that the basis for all of third-party plaintiffs' claims is that they had not been told by third-party defendant that the Subject Property fell within the boundaries of the Strother TDD; however, third-party defendant indicates that third-party plaintiffs had actual notice of the existence of the TDD, thereby entitling third-party defendant to judgment as a matter of law on all claims against

---

[1]Indeed, the Eighth Circuit has already found that "it is safe to say the Strother District more than likely negatively affected the value of the property." Lafarge, 574 F.3d at 983.

2

it.

**A.    Counts II and III (Fraudulent and Negligent Misrepresentation)**

Third-party defendant notes that the elements of Count II (fraudulent concealment) under Missouri law are: "a representation; its falsity, its materiality; the speaker's knowledge of the falsity or his ignorance of its truth; the speaker's intent that his statement should be acted upon by the person and in the manner reasonably contemplated; the hearer's ignorance of the falsity of the statement; his reliance on its truth; his right to rely thereon; and his consequent and proximately caused injury." Osterberger v. Hites Constr. Co., 599 S.W.2d 221, 227 (Mo. App. E.D. 1980)(citation omitted).  Third-party defendant indicates that third-party plaintiffs cannot demonstrate ignorance of the falsity of the statement or right to rely on the truth, given that they had received notice of the Strother TDD from other sources.

After reviewing the parties' briefs, the record in support thereof, and the law in this matter, the Court finds that questions of material fact exist as to the level of awareness held by third-party plaintiffs with respect to the Strother TDD and the effect that it had on the Subject Property.  Accordingly, third-party defendant's motion for summary judgment as to Count II is **DENIED.**

Further, the elements of Count III (negligent misrepresentation) are: (1) defendant supplied information in the course of business; (2) due to defendant's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) the information was provided intentionally by the defendant to the plaintiff, as a member of a limited group, in a particular business transaction; (4) plaintiff justifiably relied on the information; and (5) plaintiff suffered a pecuniary loss. Gurley v. Montgomery First Nat'l Bank, 160 S.W.3d 863, 867 (Mo. App. S.D. 2003)(emphasis added).  Again third-party defendant indicates that third-party plaintiff cannot demonstrate it justifiably relied on the information.  However, the Court similarly finds that questions of

3

material fact remain as to the level of awareness held by third-party plaintiff with respect to the Strother TDD and the effect that it had on the subject property, thereby creating questions of material fact as to whether third-party plaintiff could have justifiably relied on the information that third-party defendant provided. Accordingly, third-party defendant's motion for summary judgment as to Count III is **DENIED.**

**B.    Counts I and V, Estoppel and Waiver**

Third-party defendant notes that Counts I (breach of contract) and V (indemnification) are contractual claims rather than tort claims. For these claims, third-party defendant indicates they are barred by the doctrines of estoppel and waiver.

"Estoppel requires (1) an admission, statement or act inconsistent with the claim afterwards asserted and sued upon; (2) action by the other party on the faith of such admission, statement or act; and (3) injury to such other party, resulting from allowing the first party to contradict or repudiate the admission, statement or act." Hartford Insurance Company of the Midwest v. Wyllie, 396 F.Supp.2d 1033, 1040 (E.D. Mo. 2005); Brown v. State Farm Mut. Automobile Ins. Co., 776 S.W.2d 384, 388 (Mo. 1989).

After reviewing the parties' briefs, the record, and the applicable law, the Court finds that questions of material fact exist as to the level of awareness held by third-party plaintiff with respect to the Strother TDD and the effect that it had on the Subject Property. Therefore, summary judgment will be **DENIED** as to third-party defendant's estoppel argument.

"Waiver is the intentional relinquishment of a known right." Deal v. Consumer Programs, Inc., 470 F.3d 1225, 1233 (8th Cir. 2006)(quoting Thompson v. Chase Manhattan Mortg. Corp., 90 S.W.3d 194, 207 (Mo. App. S.D. 2002)). "To rise to the level of waiver,

the conduct must be so manifestly consistent with and indicative of an intention to renounce a particular right or benefit that no other reasonable explanation of the conduct is possible." Deal, 470 F.3d at 1233 (quoting Austin v. Pickett, 87 S.W.3d 343, 348 (Mo. App. W.D. 2002)).

Again, after reviewing the parties' briefs, the record, and the applicable law, the Court finds that questions of material fact exist as to the level of awareness held by third-party plaintiff with respect to the Strother TDD and the effect that it had on the Subject Property. The Court also finds questions of material fact remain as to other reasonable explanations for third-party plaintiffs' conduct in proceeding with the transaction. Therefore, summary judgment will be **DENIED** as to third-party defendant's waiver argument.

## III. CONCLUSION

Therefore, for the foregoing reasons, (1) Defendants' Motion for Summary Judgment on Plaintiff's Amended Complaint (Doc. No. 406) is **DENIED**; (2) Third-Party Defendant Chapel Development, L.L.C.'s Motion for Summary Judgment on Counts I, II, III and V of Third-Party Complaint (Doc. No. 402) is **DENIED**; and (3) Plaintiff's Motion for Leave to File Surreply (Doc. No. 424) is **DENIED.**

**IT IS SO ORDERED.**

Dated: 06/14/10　　　　　　　　　　　　　　/s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge